**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| Patricia Landazuri, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br> -v.-<br>Penn Credit Corporation and<br>John Does 1-25,<br>       Defendants. | Case. No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

  Plaintiff Patricia Landazuri ("Plaintiff") brings this Class Action Complaint by and through her attorneys, Zeig Law Firm, against Defendant Penn Credit Corporation, ("Penn Credit"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

  1.  The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

  2.  The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

1

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Florida, County of Broward, residing at 3553 Wiles Road, Apt. 203, Coconut Creek, Florida 33073.

8. Defendant Penn Credit is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 2800 Commerce Drive, Harrisburg, PA 17110.

9. Defendant Penn Credit is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of Florida;

    b. to whom Defendant Penn Credit sent an initial collection letter;

    c. attempting to collect a consumer debt;

    d. providing multiple addresses;

    e. where the letter does not identify which address is the correct one to send a dispute; and

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before August 25, 2021.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

  b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to January 14, 2021, Plaintiff allegedly incurred an obligation to Broward Health Imperial Point ("Broward").

22. The obligation arose out of a transaction involving a debt to Broward in which money, property, insurance or services, which are the subject of the transaction(s), were incurred solely for personal purposes, specifically personal medical services.

23. The alleged Broward obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Broward is a "creditor" as defined by 15 U.S.C. § 1692a (4).

25. Upon information and belief, Broward contracted with the Defendant Penn Credit to collect the alleged debt.

26. Defendant Penn Credit collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – January 14, 2021 Collection Letter*

27. On or about January 14, 2021, Defendant sent the Plaintiff an initial collection letter regarding the alleged debt owed to Broward.  See Letter attached as Exhibit A.

28. The letter ostensibly provides the notices as required by 15 U.S.C. § 1692g regarding disputing the debt.

29. However, there are three addresses listed for Defendant in two different cities:

   a. 2800 Commerce Drive, Harrisburg, PA 17110

   b. P.O. Box 1259, Department 91047, Oaks, PA 19456

   c. P.O. Box 69703, Harrisburg, PA 17106.

30. None of the three addresses are specifically identified as the correct address where to send disputes.

31. Plaintiff was therefore confused as to how to properly dispute the debt and exercise his rights under § 1692g.

32. Upon information and belief, disputes sent to one or more of these addresses will not be honored by Defendant.

33. Even if disputes would be honored at all three addresses, they would not be properly processed at all three addresses.

34. Disputes sent to the three addresses would not be handled identically.

35. The processing times at one or more of the addresses are unreasonable in relation to the requirements of Section 1692g.

36. Upon information and belief, one of the three addresses is not Defendant's.

37. It belongs to a third-party letter vendor.

38. Defendant does not have a written agreement with the third-party letter vendor as to how they must handle mail addressed to Defendant but sent to the third-party letter vendor's address.

39. Defendant does not have a written policy or procedure addressing exactly how mail sent to the third-party letter vendor is handled.

40. Defendant does not have an enforcement mechanism it can rely on to force the third-party letter vendor to handle disputes identically to those sent directly to Defendant.

41. At best, Defendant relies upon the good graces and courtesies of the third-party letter vendor to forward mail to Defendant.

42. There is no specific timeframe when this should occur.

43. There is no timeframe when this must occur, as in fact it need not occur without the third-party letter vendor's courtesy of doing so.

44. In addition, if there is any confusion on the third party letter vendor's part as to how to handle mail it receives that is addressed to Defendant, the third party letter vendor will not accept such mail and will return said mail to the sender.

45. This significantly delays disputes from reaching Defendant, if it even reaches them at all.

46. A dispute handled in this manner does not comply with the law.

47. Listing these incorrect addresses misled Plaintiff into believing a proper dispute can be sent there.

48. Plaintiff was therefore unable to straightforwardly dispute the debt resulting in wasted time.

49. Without clear direction as to where to mail a written dispute, the least sophisticated consumer would likely not dispute the debt at all.

50. Without clear direction as to where to mail a written dispute, the least sophisticated consumer would likely not dispute the debt at all because s/he would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

51. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

52. If Plaintiff would have sent payment to the wrong address, he would remain liable for the balance.

53. The least sophisticated consumer also may not send payment for fear that it would not be properly handled or accepted if sent to the wrong address.

54. Because of Defendant's actions, Plaintiff expended time, money, and effort in determining the proper course of action.

55. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

56. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

57. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

58. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

59. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

60. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

61. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

62. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

63. Plaintiff repeats the above allegations as if set forth here.

64. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

65. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. Defendant violated said section by deceptively and/or misleadingly providing multiple addresses and not identifying which one should be used to dispute the debt, in violation of § 1692e and § 1692e (10).

67. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

68. Plaintiff repeats the above allegations as if set forth here.

69. In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

70. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

71. Defendant violated this section by unfairly providing multiple addresses and not identifying which one should be used for disputing the debt.

72. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

73. Plaintiff repeats the above allegations as if set forth here.

74. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

75. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any
>
> 4. portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> 5. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> 6. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer

> with the name and address of the original creditor, if different from the current creditor.

76. Defendant violated this section by providing multiple addresses and not identifying which one should be used for disputing the debt thereby failing to provide the proper notice required by §1692g in an initial collection letter.

77. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

78. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Patricia Landazuri, individually and on behalf of all others similarly situated, demands judgment from Defendant Penn Credit as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  August 25, 2021					Respectfully Submitted,

					**ZEIG LAW FIRM, LLC**

					*/s/ Justin Zeig*
					Justin Zeig, Esq.
					FL Bar No. 112306
					3475 Sheridan Street, Suite 310
					Hollywood, FL 33021
					Telephone: 754-217-3084
					Fax: 954-272-7807
					justin@zeiglawfirm.com
					*Attorneys for Plaintiff*